IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINE WAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-3063-CV-S-DGK-SSA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **ORDER AFFIRMING COMMISIONER'S DECISION**

Plaintiff Christine Wake seeks judicial review of the Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq*. Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g).

Plaintiff alleges she became disabled as of January 1, 2007. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying disability benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**Standard of Review**

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent

with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the record supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for benefits, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. 404.1520(a)-(f) and 416.920(a).

At Plaintiff's hearing, the administrative law judge ("ALJ") found that Plaintiff's credible impairments allowed her to perform a full range of unskilled work at all exertional levels with

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

2

mild to moderate restrictions in activities of daily living, social functioning, concentration, persistence, and pace. Plaintiff argues: (1) the ALJ improperly weighed the medical opinions, discounting the opinion of treating physician Dr. Bowles; (2) the ALJ improperly assessed Plaintiff's credibility; and (3) the ALJ wrongly determined Plaintiff's RFC, failing to include all of Plaintiff's limitations.

### A. The ALJ's evaluation of medical opinions is supported by substantial evidence of record.

Plaintiff argues that the ALJ erred in discounting the opinion of treating physician Dr. Bowles who advised Plaintiff to stay home from work or job searching and opined that Plaintiff was not able to work outside the home. R. at 252, 265. In particular, Plaintiff asserts that Dr. Bowles's opinion should have been given controlling weight because it was the opinion of a primary-care physician with two years of experience caring for Plaintiff and it was supported by evidence in the record. The Court finds that the ALJ properly rejected Dr. Bowles's opinions as outside his area of expertise and as inconsistent with his own treatment notes and other clinical findings.

Under the Social Security Administration regulations, the opinions of treating physicians are generally entitled to substantial weight. 20 C.F.R. § 416.927(d). Even though a treating physician's opinion is entitled to substantial weight, the opinion itself "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004). An ALJ may discount or disregard the opinion of a treating physician where other medical assessments are more thoroughly supported or where a treating physician renders inconsistent opinions. *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).

3

Dr. Bowles's opinion that Plaintiff was unable to work is entitled to no deference because the determination of whether a claimant can perform substantial gainful activity is an issue solely for the ALJ. *Nelson v. Sullivan*, 946 F.2d 1314, 1316 (8th Cir. 1991). Dr. Bowles's opinion regarding Plaintiff's mental impairments must also be disregarded because it was outside his area of expertise. See 20 C.F.R. § 416.927(d)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."). Dr. Bowles is Plaintiff's family practitioner; he is not a psychologist or a psychiatrist. Accordingly, the ALJ properly discounted his opinion regarding Plaintiff's mental condition.

In addition, Dr. Bowles's opinion that Plaintiff suffered marked limitations in mental functioning was inconsistent with his own treatment notes and unsupported by the record. Dr. Bowles's treatment notes for the relevant period, for example, fail to include evidence of treatment for mental impairments. In fact, the record shows that Plaintiff consistently presented normal mental status and cognitive functioning. R. at 143, 146, 153, 157, 184. Dr. Bowles himself noted that Plaintiff's depression caused only a moderate emotional impact, a mild impact on recreation, and a moderate impact on her relationships.

Dr. Bowles's findings were also unsupported by clinical evidence. Dr. Bowles's medical source statement, for instance, is a mere checklist; it does not describe any clinical observations or other bases upon which he determined that Plaintiff suffered marked limitations in mental functioning. *See Wildman*, 596 F.3d at 964 (noting that the ALJ properly discounted a physician's opinion that was conclusory, consisted of checklist forms, and provided no medical evidence). Although Plaintiff argues that Dr. Bowles's opinion was supported by various global assessment of functioning ("GAF") scores, ALJs are not required to determine the extent of

4

mental impairments based solely on GAF scores.  In fact, the Commissioner has declined to endorse the use of the GAF score in determining the requirements of mental disorders.  65 Fed. Reg. 50746 (2000).

In contrast, the ALJ properly accorded weight to Dr. Forsyth's April 3, 2008 opinion finding that Plaintiff was "overstating her limitations and could perform simple work with limited interpersonal demands."  R. at 163.  This answer was made in response to a clarifying interrogatory that asked, "Do you believe that [Plaintiff] cannot sustain work activity at this time; or is she over-stating her limitations and could perform simple work with limited interpersonal demands?"  R. at 163.  Plaintiff argues that this was a leading question which directed a specific conclusion, running afoul of the "Hearings, Appeals and Litigation Law Manual's" requirement that interrogatories to medical experts be phrased so as not to suggest any specific conclusion.  However, the Court finds that this question directs one conclusion as much as it directs the other.  And, as evidenced by the form Dr. Forsyth was given, he had a full opportunity to provide whatever response he deemed appropriate.  R. at 163.

Thus, the ALJ afforded proper weight to the opinions of Plaintiff's physicians, and the Court will not overturn the ALJ's decision on this basis.

**B. The ALJ properly assessed plaintiff's credibility.**

Plaintiff also asserts that the ALJ did not properly evaluate her credibility in accordance with the factors set forth in *Polaski v. Heckler*. 739 F.2d 1320 (8th Cir. 1984).  Particularly, Plaintiff argues that the ALJ did not fully consider her daily activities, side effects from prescription medication, and work history, which she argues all support her claim of disabling mental illness.

5

When assessing a claimant's credibility, "the ALJ must look to the claimant's daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions." *Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008) (citing *Polaski,* 739 F.2d at 1322). Credibility determinations are generally the province of the ALJ, and courts will defer to an ALJ's explicit credibility determination when it is supported by "a good reason." *Finch*, 547 F.3d at 935.

Here, the ALJ noted several inconsistencies between Plaintiff's subjective allegations and the substantial evidence of record. First, although Plaintiff asserts disabling mental illness, the ALJ noted that Plaintiff's condition was often stabilized with medication. During the relevant period, for example, Plaintiff frequently managed her symptoms solely with medication. R. at 133-58, 183-267. *See Pepper* ex rel. *Gardner v. Barnhart*, 342 F.3d 853, 855 (8th Cir. 2003) (quoting *Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999) ("Impairments that are controllable or amenable to treatment do not support a finding of total disability.").

During this time, Plaintiff had few complaints regarding allergic reactions or side effects of medications. In addition to medication, Plaintiff also participated in counseling sessions which she herself reported had beneficial effects. R. at 208-36. Plaintiff also argues that the ALJ committed reversible error in failing to analyze the dosage, effectiveness, and side effects of Plaintiff's prescription medication. However, an ALJ is not required to evaluate each *Polaski* factor in determining Plaintiff's credibility. *Samons v. Astrue*, 497 F.3d 813, 820 (8th Cir. 2007). Additionally, Plaintiff's complaints of medication side effects are not supported by the medical record.

Plaintiff's own subjective complaints of disability were also inconsistent with the medical evidence. Thus the ALJ properly discounted Plaintiff's credibility based on reports of

malingering. In February 2009, when Plaintiff sought counseling from Dr. Bray at Behavioral Health Care, Dr. Bray noted that Plaintiff exaggerated her account of her illness, altering her mental health profile. Dr. Forsyth, the consultative examiner, also found that Plaintiff overstated her limitations.

Plaintiff's daily living activities were also inconsistent with allegations of debilitating symptoms. Plaintiff argues that activities such as light housework, occasional laundry, and visiting with friends are not proper considerations in discounting Plaintiff's allegations of disability. *See Banks v. Massanari*, 258 F.3d 820, 832 (8th Cir. 2001). However, the Eighth Circuit has held that activities which are inconsistent with allegations of disability must be considered for purposes of determining a claimant's credibility and acts such as "cooking, vacuuming, washing dishes, and doing laundry . . . are inconsistent with subjective complaints of disabling pain." *Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009); *see also Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010).

Plaintiff's work history also fails to support her assertion that her impairments prevent her from working. Plaintiff argues that her work history demonstrates that she is unable to maintain employment for more than a few months. The ALJ, however, found that the Plaintiff did not appear motivated to work. In support of this determination, the ALJ relied upon Plaintiff's assertion that she was a full-time homemaker, her lack of work history in the four years prior to the date of onset of her alleged disability, and her history of working only six of the twenty years prior to her disability. R. at 19, 85, 92.

Finally, the ALJ properly evaluated Plaintiff's credibility based upon her presentation at hearing. An ALJ's personal observation regarding a claimant's demeanor during a hearing is a proper consideration in making credibility determinations, and the ALJ here properly noted that

Plaintiff showed no signs of physical or mental problems and did not, in his opinion, appear credible.  *See Johnson v. Apfel*, 240 F.3d 1145, 1147-48 (8th Cir. 2001).

**C. The ALJ properly determined Plaintiff's RFC.**

Plaintiff's final argument is that the ALJ's RFC assessment is not supported by substantial evidence.  Specifically, Plaintiff maintains that the ALJ failed to accurately present Plaintiff's restrictions to the vocational expert ("VE").  The Court finds that after evaluating Plaintiff's credibility and considering the record as a whole, the ALJ properly determined Plaintiff's RFC, incorporating those restrictions which he found credible.

The ALJ has a duty to formulate a Plaintiff's RFC based on all the relevant, credible evidence in the record.  *McKinney*, 228 F.3d 860, 863 (8th Cir. 2000).  Here, the ALJ determined that Plaintiff had the ability to perform a full range of unskilled work at all exertional levels with mild to moderate restrictions in activities of daily living, social functioning, concentration, persistence, and pace. R. at 13.  Plaintiff maintains that the RFC finding is unsupported because it is less restrictive than that of any treating, examining, or reviewing source.  However, the RFC determination was consistent with the conclusions of Dr. Forsyth and Dr. Burstin that the Plaintiff was mildly to moderately limited in understanding or remembering tasks, sustaining concentration and persistence, socially interacting with the general public, or adapting to work place changes.  R. at 25.

Plaintiff also argues that in determining her RFC, the ALJ failed to consider Plaintiff's inability to hold a job.  However, as previously discussed, the ALJ properly determined that Plaintiff's sparse work history demonstrates a lack of motivation to work rather than an inability to work.  Accordingly, the ALJ's RFC determination must be upheld.

8

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record. Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**


Date:  November 28, 2011                         /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT